**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DAVID E. LONG, | No. 11-35892 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00053-CSO |
| v. | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding

Argued and Submitted November 8, 2012
Portland, Oregon

Before: RIPPLE,[**] TROTT, and PAEZ, Circuit Judges.

Appellant David Long raises five issues in this appeal following a jury

verdict finding that Appellee FedEx Ground Package System, Inc. was not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

negligent.  Because the parties are well acquainted with the facts and circumstances of this case, we repeat them only as necessary to illuminate this disposition.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court properly exercised its authority to strike Long's vicarious liability claim from the final pretrial order.  See Polar Bear Prod., Inc. v. Timex Corp., 384 F.3d 700, 704-05, 719 (9th Cir. 2004) (affirming a "series of oral rulings" that "disposed of a number of Polar Bear's claims," including a claim for attorney's fees, because "Polar Bear had not pleaded th[e claim for attorney's fees] in either its original or amended complaint, and the inclusion of the claim in the pretrial order 'lacked candor'").  The district court did not have an obligation to instruct the jury on a theory that was not before it.  See McGonigle v. Combs, 968 F.2d 810, 822 (9th Cir. 1992).

Second, Long argues that 23 U.S.C. § 127 and its implementing regulation, 23 C.F.R. § 658.23, incorporate Montana Administrative Rule 18.8.518 into federal law, making it applicable to drivers operating triples in North Dakota. Congress froze the use of triples on the nation's highways to the extent allowed by the States on June 1, 1991.  23 U.S.C. § 127(d)(1).  In so doing, Congress required each State that allows their use to keep in place "all . . . statutes, regulations, limitations and conditions . . . in force" at the time of the freeze.  Id.  The Federal

2

Highway Administration reiterated that requirement when it promulgated 23 C.F.R. § 658.23(a)(1). But there is nothing in the language of the federal statute or regulation to suggest that Congress intended to extend the reach of each State's regulations beyond its borders. Therefore, the district court acted within its discretion by excluding expert testimony regarding the Montana regulation, Fed. R. Evid. 403, and rejecting Long's proposed instruction, McGonigle, 968 F.2d at 824.

Third, Long argues that the district court erred by preventing his expert from testifying regarding an air leak in the brake system. The district court excluded the testimony because Long waited seven months after he learned of the issue before he supplemented his expert's disclosure. Given the delay, the district court's ruling was an appropriate discovery sanction under Rule 37(c)(1). See Quevedo v. Trans-Pac. Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming the exclusion of expert testimony following a one-and-a-half month delay).

Fourth, Long argues that the district court erred by admitting portions of FedEx's medical experts' deposition transcripts. Even assuming there was error, the error was harmless. The transcripts were only relevant to the question of damages. The jury found that FedEx was not negligent. Therefore, Long was not prejudiced by the district court's ruling. See Maddox v. City of Los Angeles, 792 F.2d 1408, 1418 (9th Cir. 1986).

3

Fifth, the district court acted within its authority to decline Long's invitation to visit a set of triples in person and to exclude a photograph of a triple that was not involved in the accident. Fed. R. Evid. 403.

**AFFIRMED.**